1 **LAQUER, URBAN, CLIFFORD & HODGE LLP**
2 Marija Kristich Decker, State Bar No. 207387
   Email: Decker@luch.com
3 225 South Lake Avenue, Suite 200
4 Pasadena, California 91101-3030
  Tel: (626) 449-1882 | Fax: (626) 449-1958
5
6 Counsel for Plaintiffs, Trustees of the
  Operating Engineers Pension Trust, et al.
7

8                    UNITED STATES DISTRICT COURT
9
                      CENTRAL DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST, TRUSTEES OF THE OPERATING ENGINEERS HEALTH AND WELFARE FUND, TRUSTEES OF THE OPERATING ENGINEERS VACATION-HOLIDAY SAVINGS TRUST, TRUSTEES OF THE OPERATING ENGINEERS TRAINING TRUST, TRUSTEES OF THE OPERATING ENGINEERS LOCAL 12 DEFINED CONTRIBUTION TRUST, FUND FOR CONSTRUCTION INDUSTRY ADVANCEMENT, ENGINEERS CONTRACT COMPLIANCE COMMITTEE FUND, CONTRACT ADMINISTRATION FUND, SOUTHERN CALIFORNIA PARTNERSHIP FOR JOBS FUND, and OPERATING ENGINEERS WORKERS COMPENSATION TRUST,<br><br>  Plaintiffs,<br><br>  v. | CASE NO.: 2:19-cv-5785<br><br>**COMPLAINT FOR BREACH OF WRITTEN COLLECTIVE BARGAINING AGREEMENT AND VIOLATION OF ERISA § 515 [29 U.S.C. § 1145]** |

1

1362728                                                      **COMPLAINT**

SEAN RICHARD CLARKE, an individual doing business as S R CLARKE LANDSCAPE ARCHITECTURE & DEVELOPMENT,

    Defendant.

  Plaintiffs TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST, TRUSTEES OF THE OPERATING ENGINEERS HEALTH AND WELFARE FUND, TRUSTEES OF THE OPERATING ENGINEERS VACATION-HOLIDAY SAVINGS TRUST, TRUSTEES OF THE OPERATING ENGINEERS TRAINING TRUST, TRUSTEES OF THE OPERATING ENGINEERS LOCAL 12 DEFINED CONTRIBUTION TRUST, FUND FOR CONSTRUCTION INDUSTRY ADVANCEMENT, ENGINEERS CONTRACT COMPLIANCE COMMITTEE FUND, CONTRACT ADMINISTRATION FUND, SOUTHERN CALIFORNIA PARTNERSHIP FOR JOBS FUND, and OPERATING ENGINEERS WORKERS COMPENSATION TRUST complain and allege:

## JURISDICTION AND VENUE

  1. This Court has jurisdiction of this case pursuant to section 502(e)(1) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") [29 U.S.C. § 1132(e)(1)], which grants the United States District Courts exclusive jurisdiction over civil actions brought by a fiduciary pursuant to section 502(a)(3) of ERISA [29 U.S.C. § 1132(a)(3)], to redress violations or enforce the terms of ERISA or an employee benefit plan governed by ERISA.  Such jurisdiction exists without respect to the amount in controversy or the citizenship of the parties, as provided in section 502(f) of ERISA [29 U.S.C. § 1132(f)].

  2. This Court also has jurisdiction of this case pursuant to section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA") [29 U.S.C. § 185(a)], which grants the United States District Courts original jurisdiction over suits for violation of contracts between an employer and a labor organization in an

industry affecting commerce, without respect to the amount in controversy and the citizenship of the parties.

3. Venue is proper in this Court pursuant to section 502(e)(2) of ERISA [29 U.S.C. § 1132(e)(2)], and section 301(a) of the LMRA [29 U.S.C. § 185(a)], in that this is the district in which the Plaintiffs' Trusts (defined below) are administered, the signatory union maintains union offices, and where the contractual obligation is to be paid.

4. To the extent this Complaint sets forth any state law claims, this Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a).

## PARTIES

5. Plaintiffs, Trustees of the Operating Engineers Pension Trust, Trustees of the Operating Engineers Health and Welfare Fund, Trustees of the Operating Engineers Vacation-Holiday Savings Trust, Trustees of the Operating Engineers Local 12 Defined Contribution Trust Fund, and Trustees of the Operating Engineers Training Trust (collectively, the "Trustees"), are the trustees of five express trusts (collectively, the "Trusts") created pursuant to written declarations of trust (the "Trust Agreements") between the International Union of Operating Engineers, Local Union No. 12 ("Local 12"), and various multiemployer associations in the construction industry in Southern California and Southern Nevada. The Trusts are now, and were at all times material to this action, labor-management multiemployer trusts created and maintained pursuant to section 302(c)(5) of the LMRA [29 U.S.C. § 186(c)(5)]. The Trustees, as trustees of the Trusts, are "fiduciar[ies]" with respect to the Trusts as defined in section 3(21)(A) of ERISA [29 U.S.C. § 1002(21)(A)]. Plaintiff, Fund for Construction Industry Advancement, is an employer established and administered trust formed and created to protect and expand the interests of the construction industry. Plaintiff, Engineers Contract Compliance Committee Fund, is established by Local 12 in accordance with section 6(b) of the Labor Management Cooperation Act of 1978 in order to improve job security and organizational effectiveness. Plaintiff,

Southern California Partnership for Jobs Fund, is an industry-wide advancement fund established by the employers and Local 12. Plaintiff, Operating Engineers Workers Compensation Trust, is a trust fund established by Local 12 and certain employers to administer worker's compensation benefits. Collectively, all plaintiffs are referred to herein as the "Plaintiffs."

6. At all times material herein, Local 12 has been a labor organization representing employees in the building and construction industry in Southern California and Southern Nevada, and a labor organization representing employees in an industry affecting commerce within the meaning of § 301(a) of the Labor-Management Relations Act of 1947, as amended [29 U.S.C. § 185(a)].

7. Defendant Sean Richard Clarke is an individual doing business as S R Clarke Landscape Architecture & Development ("S R Clarke") with his principal place of business located in Oceanside, California.

## BARGAINING AGREEMENT AND STATUS OF PARTIES

8. On or about July 25, 2017, S R Clarke executed a Letter of Assent whereby S R Clarke agreed to be bound by the terms and conditions of the San Diego Unified School District Project Stabilization Agreement - School Construction Major Rehabilitation Funded by Proposition S effective July 28, 2009, consisting of the Resolution dated July 28, 2009, the Agreement between the San Diego Unified School District and the San Diego Building and Construction Trades, the Agreement between the San Diego Unified School District and the Southwest Regional Counsel of Carpenters, and Addendum No. 1 (collectively, the "PSA"), for work performed by S R Clarke on a San Diego Unified School District ("SDUSD") construction project known as Contract No. CZ-17-0033-08 Whole Site Modernization, New Classroom Building & Academy of Engineering and Design at Patrick Henry High School Project ("Patrick Henry HS Project").

9. Plaintiffs are informed and believe, and based thereon allege, that pursuant to the terms of the PSA, all contractors and subcontractors who have been

awarded contracts for work covered by the PSA, or otherwise perform work on a project covered by the PSA, are required to accept and be bound to the terms and conditions of the PSA. The Trustees are informed and believe, and thereon allege, that S R Clarke was also bound to the PSA by working on the Patrick Henry HS Project.

10. The PSA incorporates by reference certain collective bargaining agreements of the signatory unions, referred to as "Schedule A" agreements. Local 12 is a signatory union to the PSA. Therefore, the terms and provisions of Local 12's applicable collective bargaining agreements and the related Trust Agreements are incorporated into the PSA.

11. Local 12's applicable collective bargaining agreement for the work performed under the PSA is the Master Labor Agreement (the "Master Agreement") in effect between Local 12 and the Associated General Contractors of America San Diego Chapter, Inc. ("AGC San Diego"), a multi-employer association, and the incorporated Trust Agreements. The Master Agreement incorporates by reference the Trust Agreements.

12. The PSA expressly provides that contractors signatory to the PSA adopt and agree to be bound by the written terms of the applicable, legally established, trust agreements specifying the detailed basis on which payments are to be made into, and benefits paid out of, such trust funds for its employees. The PSA further provides that signatory contractors authorize the parties to such trust funds to appoint trustees and successor trustees to administer the trust funds and hereby ratifies and accepts the trustees so appointed as if made by the contractor.

13. Plaintiffs are informed and believe, and based thereon allege, that at all material times, S R Clarke has been bound to the PSA, the Master Agreement, and the Trust Agreements for work performed on the Patrick Henry HS Project.

14. On or about August 31, 2016, S R Clarke signed written acknowledgments and acceptances of each of the Trust Agreements. At all times

relevant herein, the Master Agreement has been an effective written collective bargaining agreement between AGC San Diego and Local 12.

15.  At all times material herein, S R Clarke has been obligated to the terms and provisions of the Master Agreement and Trust Agreements.

16.  S R Clarke is an "*employer*," as that term is understood in the Master Agreement and related Trust Agreements.

17.  S R Clarke is an "*employer*" as defined and used in section 3(5) of ERISA [29 U.S.C. § 1002(5)], and therefore, S R Clarke is "*obligated to make contributions to a multiemployer plan*" within the meaning of section 515 of ERISA [29 U.S.C. § 1145]. Plaintiffs are informed and believe, and thereon allege, that S R Clarke is also an "*employer*" engaged in "*commerce*" in an "*industry affecting commerce*," as those terms are defined and used in sections 501(1) and 501(3) of the LMRA [29 U.S.C. § 142(1) and § 142(3)], and within the meaning and use of section 301(a) of the LMRA [29 U.S.C. § 185(a)].

## FIRST CLAIM FOR RELIEF

**Breach of Written Collective Bargaining Agreement and Violation of § 515 of ERISA [29 U.S.C. § 1145]**

18.  Plaintiffs hereby incorporate by reference paragraphs 1 through 17 above to the same effect as if set forth here verbatim.

19.  Section 515 of ERISA [29 U.S.C. § 1145], provides *"[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."*

20.  S R Clarke is an "*employer*" as defined and used in § 3(5) of ERISA [29 U.S.C. § 1002(5)], and is *"obligated to make contributions to a multiemployer plan"* within the meaning and use of section 515 of ERISA [29 U.S.C. § 1145].

21. By the terms and provisions of the Master Agreement and related Trust Agreements, and at all times material herein:

(A) S R Clarke agreed to prepare and submit true, complete and accurate written monthly contribution reports ("Monthly Reports") to Plaintiffs on a timely basis showing the identities of its employees performing work covered by the Master Agreement, the number of hours worked by or paid to these employees, and based upon the hours worked or amounts paid to employees, the proper calculation of the fringe benefit contributions due for such employees. The Monthly Reports are either submitted in hard copy or electronically through an online reporting portal. At all times material herein, S R Clarke has been obligated to submit its Monthly Reports and pay its contributions to Plaintiffs at Plaintiffs' administrative offices in Pasadena, California, on or before the 10th day of each successive month;

(B) S R Clarke agreed to permit Plaintiffs and their agents to conduct audits of payroll and related records in order to determine if fringe benefit contributions have been properly paid pursuant to the Master Agreement and related Trust Agreements; and

(C) S R Clarke agreed to pay to Plaintiffs fringe benefit contributions, benefits and/or withholdings on a monthly basis, and at specified rates for each hour worked by, or paid to, applicable employees. These amounts are due and payable at Plaintiffs' administrative offices in Pasadena, California.

22. S R Clarke signed and submitted Monthly Reports to Plaintiffs reflecting work performed by S R Clarke's employees during the months of July 2018 through December 2018. By those Monthly Reports, S R Clarke admitted that it owed Plaintiffs fringe benefit contributions of at least $15,061.28, but S R Clarke failed to pay the fringe benefit contributions to Plaintiffs in breach of the PSA, Master Agreement, and Trust Agreements, and its statutorily-mandated obligation under section 515 of ERISA [29 U.S.C. § 1145] to timely pay fringe benefit contributions to Plaintiffs.

23. After crediting payments received from a third party, S R Clarke owes fringe benefit contributions totaling at least $6,710.12 based on its Monthly Reports for the months of July 2018 through December 2018. This amount is due and payable at Plaintiffs' administrative office in Pasadena, California.

24. S R Clarke has failed to submit Monthly Reports to Plaintiffs reflecting work performed by S R Clarke during the months of January 2019 through the present in violation of its statutorily-mandated obligation under section 515 of ERISA [29 U.S.C. § 1145].

25. Plaintiffs are informed and believe, and thereon allege, that S R Clarke has failed to pay certain additional amounts of fringe benefit contributions not presently known to Plaintiffs. These additional amounts will be established by proof.

26. S R Clarke is a "*delinquent*," as that term is used in the Master Agreement and related Trust Agreements.

27. Plaintiffs are informed and believe, and thereon allege, that there is no legal excuse for S R Clarke's breach of its obligations under the Master Agreement and related Trust Agreements in violation of section 515 of ERISA [29 U.S.C. § 1145].

28. S R Clarke has failed to timely pay contributions owed to Plaintiffs, accruing since at least July 2018. Pursuant to the Master Agreement, S R Clarke agreed that in the event S R Clarke failed to pay, or timely pay, fringe benefit contributions or otherwise comply with the terms and provisions of the Master Agreement and related Trust Agreements, S R Clarke would be considered delinquent with Plaintiffs and would pay Plaintiffs the greater of $25.00 per month or ten percent (10%) of the total amount then due as liquidated damages for each delinquency.

29. Pursuant to section 502(g)(2) of ERISA [29 U.S.C. § 1132(g)(2)], in any action by a fiduciary in which judgment is found in favor of the plan, the Court shall award the plan:(i) the unpaid contributions, (ii) interest on the unpaid contributions, (iii) an amount equal to the greater of (a) interest on the unpaid contributions or (b)

liquidated damages provided for under the plan in an amount not in excess of 20% (or such higher percentage as may be permitted under federal or state law) of the amount determined by the Court to be unpaid contributions, (iv) reasonable attorneys' fees and costs, and (v) such other legal or equitable relief as the Court deems appropriate. For purposes of section 502(g)(2) of ERISA [29 U.S.C. § 1132(g)(2)], interest on unpaid contributions shall be determined by using the rate provided under the plan or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1986, as amended, 26 U.S.C. § 6621.

30. Pursuant to the Master Agreement, related Trust Agreements, and section 502(g)(2)(C) of ERISA [29 U.S.C. § 1132(g)(2)(C)], S R Clarke owes Plaintiffs at least $1,506.13 for liquidated damages, plus additional amounts currently unknown to Plaintiffs that will be established by proof.

31. Pursuant to the Master Agreement, related Trust Agreements, and section 502(g)(2)(B) of ERISA [29 U.S.C. § 1132(g)(2)(B)], S R Clarke owes Plaintiffs interest from the respective due dates on all unpaid fringe benefit contributions. The exact amount of interest owed by S R Clarke to Plaintiffs will be established by proof.

32. By the Master Agreement and related Trust Agreements, S R Clarke agreed to pay Plaintiffs all legal fees and costs and audit costs in connection with the collection of any delinquency, whether incurred before or after litigation is commenced.

33. It has been necessary for Plaintiffs to engage legal counsel for the purpose of collecting said contributions and damages, and Plaintiffs are entitled to their reasonable attorneys' fees in connection therewith pursuant to the Master Agreement, Trust Agreements, and section 502(g)(2)(D) of ERISA [29 U.S.C. § 1132(g)(2)(D)]. The exact amount of the legal fees due and payable has not been ascertained at this time. These amounts shall be established by proof.

///

///

34. Pursuant to section 502(g)(2)(E) of ERISA [29 U.S.C. § 1132(g)(2)(E)], the Court may grant such other legal or equitable relief as the Court deems appropriate. As part of Plaintiffs' judgment, Plaintiffs shall request the Court to:

(A) Order S R Clarke to post and deliver either a good faith deposit, or a performance bond issued in favor of Plaintiffs in an amount determined by the Court to be appropriate, and

(B) Order the creation of a constructive trust on all applicable property and order the transfer of the applicable property to Plaintiffs, and

(C) Order S R Clarke to pay to Plaintiffs all amounts due to Plaintiffs, including, but not limited to, the unpaid contributions, other damages for breach of contract, legal fees, audit costs, and other expenses and damages incurred.

## PRAYER

**WHEREFORE**, Plaintiffs pray for judgment against S R Clarke as follows:

1. For unpaid fringe benefit contributions in the sum of $6,710.12, plus additional amounts as proved;

2. For liquidated damages in the sum of at least $1,506.13, plus additional amounts as proved;

3. For interest pursuant to section 502(g)(2) of ERISA [29 U.S.C. § 1132(g)(2)], and section 6621 of the Internal Revenue Code of 1986, as amended, 26 U.S.C. § 6621, or at the legal rate, in amounts as proved;

4. For any audit costs, in amounts as proved;

5. For reasonable attorneys' fees and costs of suit incurred, in amounts as proved;

6. For such additional relief as this Court deems just and proper, including, but not limited to, the following:

6.1 An Order for the creation of a constructive trust on all applicable property, and an Order for the transfer of the applicable property to Plaintiffs; and

///

   6.2 For a good faith deposit or performance bond in favor of Plaintiffs in an amount equal to the total amount determined by this Court to be due to Plaintiffs, as proved.

Dated: July 3, 2019   Respectfully Submitted,

           LAQUER, URBAN, CLIFFORD & HODGE LLP

           By: /s/ - *Marija Kristich Decker*
             Counsel for Plaintiffs, Trustees of the Operating Engineers Pension Trust, et al.

## WAIVER OF JURY TRIAL

Plaintiffs hereby waive a jury trial in this action.

Dated: July 3, 2019   Respectfully Submitted,

           LAQUER, URBAN, CLIFFORD & HODGE LLP

           By: /s/ - *Marija Kristich Decker*
             Counsel for Plaintiffs, Trustees of the Operating Engineers Pension Trust, et al.

1362728